[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a two count revised complaint against seeking damages for defamation. Count one alleges that on December 8, 1992, the defendant submitted a letter to the plaintiff's employer, among others, stating that the plaintiff had sexually harassed her on a number of occasions. He alleges that the publication of these statements as contained in the letter was false and malicious. He claims both damages and special damages. Count two repeats the allegations of count one with the exception of alleging that the defendant published certain statements in a letter and asserts that the defendant stated to "various and diverse persons" that the plaintiff had engaged in sexual harassment.
The defendant has filed two "defenses," alleging that (1) the statements made by the defendant are true; and (2) the statements allegedly made by the defendant are not alleged by the plaintiff to be defamatory. She also asserts in three special defenses that (1) the statements made by the defendant are constitutionally protected because they relate to an employer's sexual harassment of an employee; (2) the statements made by the defendant are absolutely privileged as they were made in connection with a quasijudicial proceeding to enforce the legal rights of the defendant; and (3) the statements made by the defendant are conditionally privileged in that they were made to people with a common interest and were made in good faith to persons connected with a quasi-judicial proceeding designed to enforce the legal rights of the defendant.[1]
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402. A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Light Power Co., 7 Conn. App. 164,167. The burden of proof is on the moving party. The facts presented must be viewed in the light most favorable to the party opposing the motion. State v. Goggin, 208 Conn. 606, 616. "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442,445, quoting Dougherty v. Graham, 161 Conn. 248, 250. Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269.
The defendant argues in her memorandum that the statements at issue are absolutely privileged because she filed her complaint with the Commission on Human Rights and Opportunities ("CHRO") CT Page 2810 which is given certain powers pursuant to Sec. 46a-1 et seq. of the General Statutes.[2] She continues by arguing that even if not absolutely privileged, the statements are conditionally privileged as they were made to protect an interest compelling enough to warrant protection of an otherwise defamatory communication.
Conversely, the plaintiff urges that his affidavits in opposition, together with the allegations contained in his complaint and the defendant's answers show the existence of a material fact, i.e., whether the statements made by the defendant both in her letter to the Commissioner and to other persons concerning the contents of the letter were false and malicious. He continues his argument by reciting that the defendant's supporting documentation does not meet the criteria of Sec. 380 of the Practice Book in that the two affidavits in support of the defendant's motion do not aver personal knowledge and are hearsay. He concludes by asserting that summary judgment cannot be granted based on special defenses.
The plaintiff is correct in his assertion that summary judgment as to a special defense is improper. In the present action, however, the defendant is moving for summary judgment on the revised complaint based on the facts alleged in her special defense. Under this rare circumstance, the motion for summary judgment is proper.
The effect of absolute privilege in a defamation action is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously. Kelley v. Bonney, 221 Conn. 549,565. Like the privilege which is generally applied to pertinent statements made in formal judicial proceedings, an absolute privilege also attaches to relevant statements made during administrative proceedings which are "quasijudicial" in nature. Once it is determined that a proceeding is quasijudicial in nature, the absolute privilege that is granted to statements made in furtherance of it extends to every step of the proceeding until final disposition. Kelly v. Bonney, supra, 565-66.
In Bieluch v. Smith, Superior Court, Judicial District of Litchfield, No. 56050 (May 26, 1993, Pickett, J.), the court considered whether the policy of requiring that complaints about state troopers be submitted in writing to the Commissioner of Public Safety was part of a quasi judicial proceeding. It found that when the defendants submitted the subject letter to the Commissioner, they were following department policy and thus submitting the letter was the first step in initiating an investigation in accordance with the powers vested in the Commissioner of Public Safety. The court then held that the letter in this case containing the alleged CT Page 2811 defamatory statement relied upon by the plaintiff serves the same function in the administrative proceeding before the Commissioner of Public Safety as that of pleadings and similar documents in court proceedings. The defendant therefore should be accorded the same absolute privilege whether she testifies in person or submits in writing her testimony at the request of the administrative agency. Therefore, since the defendant's letter had set in motion the trial procedure as if the defendants had been called to testify as witnesses, the quasi judicial character of the proceeding warrants the application of the rule of absolute privilege.
The judicial proceeding to which absolute immunity attaches has not been exactly defined. It includes any hearing before a tribunal which performs a judicial function, ex parte or otherwise, and whether the hearing is public or not. It includes for example, lunacy, bankruptcy, or naturalization proceedings, and an election contests. It extends also to the proceedings of many administrative officers such as boards and commissions so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or quasi-judicial, in character.
Other jurisdictions have also outlined a number of factors that assist in determining whether a proceeding is quasi judicial in nature. Among them are whether the body has the power to (1) exercise judgment and discretion; (2) hear and determine or to ascertain facts and decide; (3) make binding orders and judgments; (4) affect the personal or property rights of private persons; (5) examine witnesses and hear the litigation of the issues on a hearing; and (6) enforce decisions or' impose penalties. Kelley v. Bonney, supra, 566-567, citing Thomas v. Petrulis,125 Ill. App.3d 415, 419-20, 465 N.E.2d 1059 (1984).
Section 46a-54 of the General Statutes states that the commission shall have the following powers and duties: (9) by itself or with or by hearing officers, to hold hearings, subpoena witnesses and compel their attendance, administer oaths, take the testimony of any person under oath and require the production for examination of any books and papers relating to any matter under investigation or in question. Section 46a-60(a) recites that it shall be a discriminatory practice in violation of this section: (8) for an employer, by himself or his agent, for an employment agency, by itself or its agent, or for any labor organization, by itself or its agent, to harass any employee, person seeking employment or member on the basis of sex. "Sexual harassment" shall, for the purposes of this section, be defined as any unwelcome sexual advances or request for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's CT Page 2812 employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment. CHRO, in accordance with Sec. 46a-51 et seq., has the power to hear and determine facts, examine witnesses, and has discovery tools at its disposal not unlike that of an actual judicial body. Such proceedings pursuant to Sec. 46a-54 are quasijudicial in nature.
The defendant in a contra argument contends that "[o]n December 2, 1992, I visited the offices of Attorney John Lino Ponzini for the purpose of discussing a claim of sexual harassment against my supervisor and my former employer, Air Express International. . . . That I wrote this letter with the assistance of my attorneys and I sent copies to the Vice-President of Air Express International, its General Counsel, the Director of Personnel, Terry Zullo of the Department of Human Rights (CHRO), my attorney Louis Galgano III and my attorney John L. Ponzini." (Simko affidavit paragraphs 2 and 6, dated November 1, 1993.)
A second affidavit filed in support is that of Terry Zullo, an investigator with the CHRO. "I spoke with John Lino Ponzini on December 2, 1992 regarding Meredith Simko. That during the conversation I asked Mr. Ponzini whether Ms. Simko had written any kind of letter to her employer concerning the circumstances surrounding her resignation. That I, then, as is my custom with all claims such as Ms. Simko's, advised Mr. Ponzini to have his client submit a letter to her employer, detailing the reason for the termination of her employment. That I did so because in essence she appeared to be claiming that she was constructively discharged as a result of being sexually harassed. That also, it is our general policy to advise all claimants to document their cases and this includes, of course, writing letters to an employer outlining their claims, problems or issues." (Zullo affidavit, paragraphs 2, 3, 4, 5, 6.)
The hypothesis that because neither of the defendant's supporting affidavits swear to personal knowledge and contain hearsay statements the affidavits should not be considered by the court, falls under its own weight at least in part. There can be no serious argument that affidavits must aver or affirmatively show personal knowledge of the matters stated. (Emphasis added.) Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 515. The Zullo affidavit, however, clearly reflects that the affiant, in his capacity as investigator with the CHRO, affirmatively shows his familiarity with CHRO custom and procedure as it relates to claimants documenting their claims. The CT Page 2813 defendant's statement in her affidavit that she wrote the letter and sent it to her employer, evinces personal knowledge on the part of the defendant that she did in fact send the letter. Zullo's statements are not hearsay.
This court will not consider that the portion of the affidavit of the defendant containing hearsay statements should not be considered by the court. See Farrell v. Farrell, 182 Conn. 34, 39. However, it may and will consider those portions of the affidavit based on her personal knowledge. See Sec. 381 of the Practice Book. Other exhibits offered by the defendant in support of her position will not be considered as they are unsworn and/or uncertified. The affidavits of the defendant and Zullo establish that it was the policy of the CHRO that all claimants should write letters to an employer outlining their claims and that the defendant, based on this policy, submitted the letter in question to her former employer. The letter here containing the alleged defamatory statements relied upon by the plaintiff serves the same function in the administrative proceeding before the CHRO as that of pleadings and similar documents in court proceedings. See Bieluch v. Smith, supra. The defendant therefore must be accorded the same absolute privilege whether she testifies in person or submits in writing her testimony at the request of an administrative agency. The quasi judicial character of the proceeding warrants the application of the rule of absolute privilege. See Bieluch v. Smith, supra.
It must also be acknowledged that the plaintiff's assertion in both counts that the statements allegedly published and/or made by the defendant were "malicious" is conclusory. "If the plaintiff is a private individual . . . she is required to prove actual malice, in order to rebut the defense of privilege and recover general damages, merely by a preponderance of the evidence." Miles v. Perry, 11 Conn. App. 584, 590. The documentation is barren of any facts indicating malicious behavior by the defendant. The plaintiff has submitted no evidence outside the allegations contained in the complaint. Speculative evidence cannot serve as a basis for opposition to a motion for summary judgment." Bell v. Carasone, Superior Court, Judicial District of New Haven, No. 2387223 (January 2, 1991, McWeeney, J.). No material fact exists as to the defendant's alleged malicious conduct.
The plaintiff's claim that his affidavits in opposition, together with his complaint and the answer of the defendant to the claim, clearly show the existence of a genuine issue of material fact is unpersuasive, for "[a] party seeking to resist summary judgment may not rely on underlying pleadings containing only general denials . . . to establish the existence of a `genuine issue' as to a material fact." Citizens CT Page 2814 National Bank v. Hubney, 182 Conn. 310, 312. Although the plaintiff has attached the affidavits of two people (in addition to his own) who state that they had never observed or heard the plaintiff harassing the defendant, these affidavits go to the truth or falsity of the defendant's allegations of sexual harassment against the plaintiff and are rendered meaningless because as previously stated, "[t]he effect of an absolute privilege in a defamation action is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously." Kelley v. Bonney, supra, 565. There is no genuine issue of material fact, and summary judgment must be granted as to count one of the plaintiff's complaint.
In count two, the plaintiff merely realleges the facts contained in count one, and instead of alleging that the defendant published defamatory statements in a letter, the plaintiff alleges that the defendant "stated to various and diverse persons that the plaintiff had engaged in sexual harassment of the defendant. In determining whether an occasion is absolutely privileged, the pivotal factor is frequently to whom the matter is published. Kelley v. Bonney, supra, 575. The plaintiff does not allege, through his opposition memorandum or affidavits, the identity of this "various and diverse" person. Indeed, his memorandum in opposition is devoid of any law whatsoever addressing the issue of privilege. "`In order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with Practice Book, Sec. 300 [now Sec. 381] of the Practice Book which contradict those offered by the moving party.'" Citizens National Bank v. Hubney, supra, 312. The allegation that the defendant "stated to various and diverse persons, that the plaintiff had engaged in sexual harassment of the defendant," without more, is conclusory in nature and is not a recited fact which contradicts those offered by the defendant. Summary judgment should be granted as to count two as well:
Judgment may enter in accordance with the foregoing.
Moraghan, J.