[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT CAROLINA FREIGHT CARRIERS CORP.'SMOTION FOR SUMMARY JUDGMENT (#136); AND DEFENDANT MICHAEL REILLY'SMOTION FOR SUMMARY JUDGMENT (#138)
This case involves an alleged wrongful discharge in retaliation for the filing of a workers' compensation claim. The action is directed at the former employer of the plaintiff and also at the investigator of the workers' compensation claim. The plaintiff, Bobby Joe Hubbard, has filed an eight count amended complaint, dated October 13, 1992, against the defendants, Carolina Freight Carriers Corp. (Carolina) and Michael Reilly d/b/a Reilly's Adjusting Service (Reilly).
Counts one through three are directed at the former employer, Carolina. Count one alleges a violation of General Statutes §31-290(a), which prohibits discharge from employment in retaliation for claiming benefits under the Workers' Compensation Act. Count two alleges that since they discharged him, Carolina "has continued to harass and defame the [p]laintiff and cast him in a bad light." Count three alleges that Carolina "has attempted by libelous acts, to deprive the [p]laintiff of his entitlement to unemployment benefits . . . ."
Counts four through eight are directed at Reilly, the workers' compensation claims adjuster. Incorporated into each count is the plaintiff's claim that "as the adjuster of [p]laintiff's workers' compensation claim, . . . Reilly . . . filed false and misleading reports about [p]laintiff, unfairly reported on his activities, offered untrue and misleading conjecture, speculation, caused [p]laintiff to be cast in a bad light and conspired with, instigated and induced the [d]efendant, Carolina . . . to fire [p]laintiff from his employment contract." (Count 4, ¶ 4.) Count four alleges tortious interference with a business expectancy. Count five alleges a CUTPA violation. Count six alleges a CUIPA violation. Count seven alleges negligence. Count eight alleges a violation of General Statutes § 31-290(a), which prohibits discharge from employment in retaliation for claiming benefits under the Workers' Compensation Act.
Each of the defendants has filed an answer denying the CT Page 10626 various allegations of wrongdoing, and in addition, Carolina has filed a special defense of absolute privilege.
On June 28, 1995, Carolina filed a motion for summary judgment (#136) as to counts two and three of the plaintiff's amended complaint. In support of its motion, Carolina filed a memorandum of law and selected pages of the transcript of the plaintiff's deposition testimony dated December 13, 1991.
On July 3, 1995, Reilly filed a motion for summary judgment (#138) as to counts four through eight, which are all of the counts directed against him. In support or his motion, Reilly filed a memorandum of law, selected pages of the transcript of the plaintiff's deposition dated April 27, 1995, a copy of the plaintiff's signed statement dated May 2, 1991, and his own affidavit. On July 24, 1995, in further support of his motion, Reilly filed additional pages of the transcript of the plaintiff's deposition testimony dated April 27, 1995.
The plaintiff filed separate objections and memoranda of law, dated July 21, 1995, to each of the motions for summary judgment. In opposition to Carolina's motion, the plaintiff submitted a copy of his affidavit. In opposition to Reilly's motion, the plaintiff submitted a copy of his affidavit and copies of letters written by Reilly.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted; internal quotation marks omitted.) Hare v. McClellan, 234 Conn. 581,586-87, ___ A.2d ___ (1995).
I. Carolina's Motion for Summary Judgment #136
Carolina argues in its memorandum of law that summary judgment should be granted in its favor as to counts two and CT Page 10627 three of the plaintiff's complaint based on the absolute privilege that exists for statements made in connection with unemployment compensation proceedings. Carolina argues that the plaintiff's claims "relate solely to statements made by Carolina . . . in connection with one or more unemployment forms which were filed in connection with the [p]laintiff's discharge."
"The effect of an absolute privilege in a defamation action is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously. . . . [L]ike the privilege which is generally applied to pertinent statements made in formal judicial proceedings, an absolute privilege also attaches to relevant statements made during administrative proceedings which are `quasijudicial' in nature. . . . Once it is determined that a proceeding is quasijudicial in nature, the absolute privilege that is granted to statements made in furtherance of it extends to every step of the proceeding until final disposition." (Citations omitted; internal quotation marks omitted.) Kelley v. Bonney, 221 Conn. 549, 565-66, 606 A.2d 693
(1992).
"In Magnan v. Anaconda Industries, Inc., supra, [37 Conn. Sup. 38] 42, [429 A.2d 492 (1980), rev'd on other grounds,193 Conn. 558, 479 A.2d 781 (1984)], the Superior Court, Berdon, J.,
held that an employer who discharges an employee has an absolute privilege when supplying the information necessary for the unemployment notice required by regulation. The court based its decision on the conclusion that the information is furnished in connection with a quasijudicial function of an administrative board. That court found that in unemployment compensation proceedings [t]he administrator, the referee and the review board, including witnesses in proceedings before them, are absolutely privileged to publish defamatory matters provided such statements have some relation to the quasijudicial proceeding." (Footnote omitted; internal quotation marks omitted.) Petyan v.Ellis, 200 Conn. 243, 247, 510 A.2d 1337 (1986).
The Connecticut Supreme Court "agree[d] with the conclusion of the court in Magnan and extend[ed] its reasoning to include the information supplied by an employer on the `fact-finding supplement' form of the employment security division of the state labor department." Id., 247-48; see also Ziobro v. ConnecticutInstitute for the Blind, 818 F. Sup. 497, 503-04 (D.Conn. 1993) (noting that "written statements made in unemployment compensation forms are deemed to be statements made in the course CT Page 10628 of judicial proceedings.").
"[T]he dictates of public policy require that an employer involved in an unemployment compensation proceeding be able to state candidly his or her reasons for terminating an employee as long as the employer's statement bears a reasonable relation to the purpose of the proceeding. Otherwise employers might be reluctant to respond to the employment security division at all or their reply might be colored by fear of subsequent litigation or liability." Petyan v. Ellis, supra, 200 Conn. 250-51.
In support of its motion for summary judgment, Carolina relies on a portion of the plaintiff's deposition testimony as proof that the plaintiff's claims relate solely to statements made by Carolina that are absolutely privileged.
The deposition testimony includes the following excerpts:
 Q. Mr. Hubbard, has the defendant Carolina Freight Carriers ever attempted by libelous acts to deprive you of your entitlement to unemployment benefits?
A. Yes, sir.
Q. And what libelous acts are those?
 A. Well, they sent in an appeal to the unemployment compensation trying to block my rights to collect unemployment.
Q. And do you have that here today?
A. I believe so, yes.
 Q. Before we find it, is there anything else other than that appeal that you've just described that in your view constitutes an attempt by libelous acts to deprive you of your entitlement to unemployment benefits, anything other than that appeal?
A. Not to my knowledge at this time.
(Plaintiff's deposition testimony, p. 98.)
********** CT Page 10629
 Q. Is there anything else that you claim that Carolina Freight Carriers said or did that was illegal, inappropriate or harmful to you regarding those items that you complain about in your lawsuit other than what you've already testified to?
A. No.
 Q. Okay. Has the defendant Carolina Freight Carriers ever harassed you?
A. I believe so, yes.
Q. And how did they harass you?
A. By having me followed.
Q. Okay. Anything else?
A. I wouldn't say so, no.
Q. And have they ever done anything to cast you in a bad light?
A. Yes. They discharged me.
Q. Okay. Anything else to cast you in a bad light?
A. Offhand, no.
(Plaintiff's deposition testimony, pp. 99-100.)
The deposition testimony of the plaintiff supports Carolina's claim that counts two and three of the plaintiff's complaint relate solely to statements made by Carolina in the context of unemployment benefits.
The plaintiff, in opposition, argues that count two of his complaint relates to matters outside the scope of his claim for unemployment benefits as evidenced by the pleading itself.
"Unadmitted allegations of pleadings do not constitute documentary proof of the existence of a genuine issue as to any material fact on a motion for summary judgment. The quantum of evidentiary proof admissible at trial relevant to these allegations, or any later amendment of them, is not documentary CT Page 10630 proof under § 380 probative of, or relevant to, the grant or denial of summary judgment. The court's consideration of a motion for summary judgment is limited to the evaluation as a matter of law of the documentary proof submitted under § 380." PaineWebber Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712,721-22, 539 A.2d 595, cert. denied, 208 Conn. 803, 545 A.2d 1101
(1988).
The allegations contained in count two, which are unadmitted, do not constitute documentary proof pursuant to Practice Book § 380, and thus are not probative of, or relevant to the granting or denial of Carolina's motion for summary judgment.
The plaintiff also argues in opposition that the affidavit of the plaintiff confirms that the allegations of count two include statements made both within and outside of the unemployment compensation claim.
The plaintiff's affidavit states in pertinent part that "[s]ome but not all of these statements were made in the context of my claim for unemployment benefits. I believe statements were made to fellow employees and other employers in the industry."
"Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,579, 573 A.2d 699 (1990). The plaintiff's affidavit contains mere assertions of fact and unsupported speculation that are insufficient to establish the existence of a material fact.
"A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529,543, 494 A.2d 555 (1985). Carolina has established the legally sufficient defense of absolute immunity as to counts two and three, and the court finds that no triable issue of fact exists as to either count. Therefore Carolina's motion for summary judgment as to counts two and three of the plaintiff's complaint is granted.
II. Reilly's Motion for Summary Judgment #138
Reilly argues that summary judgment should be granted as to CT Page 10631 all five counts directed to him. Specifically, count four alleges tortious interference with a business expectancy. Counts five and six, which allege CUTPA and CUIPA claims, respectively, were withdrawn at oral argument on these motions. Count seven alleges negligence, and count eight alleges a violation of General Statutes § 31-290(a).
Reilly argues that summary judgment should be granted in his favor as to count four, tortious interference with a business expectancy, because no genuine issue of material fact exists as to whether Reilly's conduct rose to the level necessary to support a claim of tortious interference with a business expectancy.
"A cause of action for tortious interference with a business expectancy requires proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously." (Citations omitted; internal quotation marks omitted.) Sportsmen's Boating Corporation v.Hensley, 192 Conn. 747, 754, 474 A.2d 780 (1984).
In support of his motion for summary judgment Reilly relies on certified copies of deposition testimony of the plaintiff to show the absence of a genuine issue of material fact.
The deposition testimony includes the following excerpts:
 Q. And what in your opinion has Michael Reilly done to you that's illegal or inappropriate?
A. I don't think he was very professional about what he [has] done.
Q. Anything else?
 A. I think that possibly in my opinion that he was trying to retaliate to get me off of a work comp claim.
Q. Anything else?
A. Not offhand, no.
 Q. What did he do to retaliate against you to get you off the work comp claim?
A. Well, in my opinion I guess told them that I lied. I believe that CT Page 10632 when he came to my house that he knew I'd been fishing, and he never asked me that question.
(Plaintiff's deposition testimony, pp. 152-53.)
**********
 Q. So the fact that you were fired in your view means that Reilly lied about you?
 A. I can't say that I know whether he lied or not, but I'm just giving you an opinion.
 Q. You don't know whether he lied or not, you're just giving us your opinion that he did?
A. Basically, yes.
(Plaintiff's deposition testimony, p. 154.)
The deposition testimony of the plaintiff supports Reilly's claim that no genuine issue of material fact exists as to whether Reilly's conduct rose to the level necessary to support the plaintiff's claim of tortious interference with a business expectancy.
In opposition, the plaintiff argues that Reilly's reliance on the deposition testimony constitutes a legal conclusion based on the evaluation of the sufficiency of the evidence. In addition, the plaintiff argues that his affidavit in conjunction with copies of letters that Reilly wrote during the course of the investigation of the plaintiff's worker's compensation case shows the existence of an issue of material fact.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). Nevertheless, "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Hare v. McClellan, supra,234 Conn. 587.
The plaintiff's affidavit states in pertinent part that CT Page 10633 "Michael Reilly . . . has made false and misleading statements and reports which have caused me harm in that they cast me in a bad light and defame me. These statements and reports caused or contributed to my being fired, and have caused serious interference with my ability to obtain work." The plaintiff's affidavit contains mere unsupported assertions of fact that are insufficient to establish the existence of a material fact. SeeHammer v. Lumberman's Mutual Casualty Co., supra, 214 Conn. 579.
The plaintiff also refers to statements Reilly made in letters Reilly wrote pertaining to his investigation. These comments are mere opinions, and thus do not create issues of material fact.
The plaintiff's evidence in opposition fails to show that a genuine issue of material fact exists. "The documentation is barren of any facts indicating malicious behavior by the defendant. . . . Speculative evidence cannot serve as a basis for opposition to a motion for summary judgment." (Internal quotation marks omitted.) Digregorio v. Simko, Superior Court, judicial district of Danbury, Docket No. 31 29 22 (9 CSCR 385, 387) (March 15, 1994, Moraghan, J.).
Accordingly, summary judgment is granted in favor of Reilly as to count four of the plaintiff's complaint.
Reilly also moves for summary judgment as to count seven of the plaintiff's complaint, which sounds in negligence. In support, Reilly relies on deposition testimony of the plaintiff to show that no genuine issue of material fact exists as to whether Reilly was negligent.
The deposition testimony includes the following excerpts:
 Q. Can you tell me specifically what you think Mr. Reilly did or didn't do that constitutes a wrongdoing against you?
 A. What I just said. He just misrepresented himself as a professional.
Q. Misrepresented himself to whom?
A. To myself.
Q. And how were you harmed? CT Page 10634
 A. Well, I think the report that he went back and gave Carolina caused me to get fired.
Q. What report?
 A. Basically the one that was written, but I think he added more in his own way.
 Q. On what do you base your opinion that you think he added more in his own way?
A. Because I got fired.
 Q. You don't think that you got fired simply because you were found fishing in the Salmon River on a day that you were collecting workers' comp?
A. I don't think so.
(Plaintiff's deposition testimony, p. 171.)
**********
 Q. When [Reilly] took your statement, was he accurate in writing it down?
A. On what I said, yes. . . .
Q. Did he tell you what to say when he took your statement?
A. No.
 Q. Did he twist your words so that they were inaccurate in written form?
A. No, I don't believe so.
 Q. Was Mr. Reilly inaccurate in . . . recording your words in that statement of 5-2-91 in any way?
A. Was he inaccurate in recording it?
Q. Yes. CT Page 10635
A. I don't think so, no.
(Plaintiff's deposition testimony, p. 173.)
In opposition, the plaintiff claims that his affidavit along with the letters of Reilly show that there are outstanding genuine issues of material fact. The plaintiff also cites toSpencer v. Good Earth Restaurant Corporation, 164 Conn. 194
(1972), for the proposition that negligence claims are ill suited for resolution through summary judgment.
The plaintiff has failed to provide evidence indicating that a genuine issue of material fact exists as to whether Reilly was negligent. As stated above, "[s]peculative evidence cannot serve as a basis for opposition to a motion for summary judgment."Digregorio v. Simko, supra, 9 CSCR. 387. Moreover, in negligence cases subsequent to Spencer v. Good Earth Corporation, supra, such as Burns v. Hartford Hospital, 192 Conn. 451, 472 A.2d 1257
(1984), the Connecticut Supreme Court has affirmed the trial court's granting of summary judgment for the defendant.
Accordingly, the court finds that no genuine issue of material fact exists as to whether Reilly was negligent, and thus summary judgment is granted in favor of Reilly as to count seven of the plaintiff's complaint.
Reilly also moves for summary judgment as to count eight of the plaintiff's complaint, which alleges a claim pursuant to General Statutes § 31-290a. Reilly argues that § 31-290a
does not apply to him because the plaintiff has not alleged that Reilly was his employer. The plaintiff's memorandum of law does not address Reilly's motion for summary judgment as to count eight.
General Statutes § 31-290a(a) provides that "[n]o employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter."
Reilly correctly notes that the plaintiff has not alleged in count eight of his complaint that Reilly was the plaintiff's employer. Moreover, in support of his argument, Reilly has CT Page 10636 submitted an affidavit stating that he was neither the employer of the plaintiff nor was he an employee of Carolina. The plaintiff has not offered any proof contradicting these statements. Since Reilly has established that he was not the employer of the plaintiff it is obvious that § 31-290a is not applicable.
Summary judgment is granted in favor of Reilly as to count eight.
In conclusion, summary judgment may enter in favor of Carolina on counts two and three of the plaintiff's complaint, and in favor of Reilly on counts four, seven and eight. As previously noted, counts five and six were orally withdrawn on the record by plaintiff's counsel at oral argument on July 24, 1995.
Hadden, J.